UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JEFFREY RICHARDS,

         Plaintiff,

v.                                                                                          Case No. 1:08-CV-1186

TROOPER SCOTT McMANUS and                              HON. GORDON J. QUIST
TROOPER FALAN,

         Defendants.
_____/

## MEMORANDUM ORDER

      Plaintiff, Jeffrey Richards, has sued Defendants, Trooper Scott McManus and Trooper Harold Falan, alleging claims under 42 U.S.C. § 1983 for use of excessive force and failing to provide timely medical care in violation of Richards' rights under the Fourth and Fourteenth Amendments.  Richards also alleges, apparently only against Defendant McManus, that Defendants conspired to deprive him of needed medical care and to fabricate and disseminate false reports of the incident at issue.  Finally, Richards alleges state law claims for gross negligence, assault and battery, and intentional infliction of emotional distress.

      Defendants filed three separate motions to dismiss.  First, they moved to dismiss the conspiracy claim against McManus and the Fourteenth Amendment  and official capacity claims against both Defendants.  Second, they moved to dismiss the gross negligence claim.  Finally, they moved to dismiss the state law claims.  With regard to the first motion, Richards stipulated to dismiss his official capacity and Fourteenth Amendment claims, leaving the conspiracy claim as the only open issue in that motion.  The parties resolved the second motion by stipulating to dismiss the

gross negligence claim without prejudice. The third motion remains pending.

Turning to the conspiracy claim, Richards alleges:

> 23. Defendant TROOPER McMANUS and TROOPER FALAN conspired with one another to deprive JEFFREY RICHARDS of needed medical care and fabricated and disseminated the false accounts regarding the subject matter of this incident; namely the use of excessive force against JEFFREY RICHARDS without justification.

(Compl. ¶ 23.) This is the full extent of the allegations concerning the conspiracy.

Defendants move for dismissal, arguing that the conspiracy claim is based solely upon conclusory allegations without any supporting facts. The Sixth Circuit has said: "It is 'well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegation unsupported by material facts will not be sufficient to state a claim under § 1983.'" *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)). Thus, "pleading requirements governing civil conspiracies are relatively strict." *Id.*

Richard's sole allegation of conspiracy offers no specifics about the conspiracy, but instead is based solely upon conclusory statements. Thus, it is subject to dismissal. In his response, however, Richards requests an opportunity to amend to provide more details to support his claim. Given that the case is still in its early stages, the Court will permit Richards an opportunity to amend.

In their motion to dismiss Richards' state law claims, Defendants request that the Court decline to exercise supplemental jurisdiction over the state law claims for assault and battery and intentional infliction of emotional distress. Pursuant to 28 U.S.C. § 1367, the Court has discretion to exercise supplemental jurisdiction over state law claims. *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003). Because the federal claims remain pending, the court will deny

Defendants' motion and exercise supplemental jurisdiction over the state law claims at this juncture.

Given that the federal and state law claims arise of the same facts, consideration of judicial economy, costs savings, and fairness to the litigants weigh in favor of retaining the state law claims. The federal and state claims will involve the same lay and expert witnesses and the same discovery. Given the close relationship between the claims, there is no reason to duplicate judicial or attorney resources in developing these claims.

Therefore,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's State-Law Claims (docket no. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Plaintiff's Conspiracy Claim Against Defendant McManus (docket no. 4) is **GRANTED**.  Plaintiff is granted leave to file an amended complaint to address the pleading deficiencies of his conspiracy claim.  Plaintiff shall file his amended complaint within **fourteen (14) days** of the date of this Memorandum Order.

Dated:  April 28, 2009                         _____/s/ Gordon J. Quist_____
                                                             GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE

3